[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17119
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-00125-SPC-CM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL LEVON JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 19, 2018)

Before BRANCH, FAY, and  EDMONDSON, Circuit Judges.

PER CURIAM:

Michael Jackson appeals his conviction and 120-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  No reversible error has been shown; we affirm.

I.

Jackson first challenges the district court's denial of his motion for a judgment of acquittal.  Jackson argues that insufficient evidence existed to prove that he "possessed" the guns charged in the indictment.

"We review de novo a district court's denial of judgment of acquittal on sufficiency of evidence grounds."  United States v. Rodriguez, 732 F.3d 1299, 1303 (11th Cir. 2013).  In determining the sufficiency of the evidence, "we consider the evidence in the light most favorable to the government, drawing all reasonable inferences and credibility choices in the government's favor."  Id.  We cannot overturn a jury's verdict unless no "reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt."  Id.

To obtain a conviction under 18 U.S.C. § 922(g)(1), the government must prove, in pertinent part, that the defendant knowingly possessed a firearm. United States v. Howard, 742 F.3d 1334, 1341 (11th Cir. 2014). "Possession" under the statute may be either actual or constructive. United States v. Perez, 661 F.3d 568, 576 (11th Cir. 2011). Constructive possession is shown when the government proves -- through direct or circumstantial evidence -- that the defendant (1) knew about the firearm's presence and (2) "had the ability and intent to later exercise dominion and control over that firearm." Id.

At trial, Jackson's girlfriend testified that she leased a duplex apartment and lived there with Jackson and the couple's two-year-old son. Only she and Jackson had keys to the duplex. Jackson typically stayed in the duplex during the day while his girlfriend was at work and his son was at daycare. A neighbor and an officer who had surveilled the duplex also testified that they frequently saw Jackson at the duplex.

When officers exercised a search warrant for the duplex they discovered, among other things, (1) a loaded Smith and Wesson rifle next to the bed in the master bedroom; (2) a Glock handgun and a Taurus handgun located between the mattress and the box spring of the bed in the master bedroom; and (3) a loaded River Rock rifle propped against a wall in the living room.

Jackson's girlfriend testified that she had seen guns in the duplex and assumed they belonged to Jackson because they were not hers.  She said she had seen both short and long guns, including having seen a long black gun between Jackson's side of the bed and his nightstand.  She also testified that Jackson sometimes slept with a gun under his pillow.

Viewed in the light most favorable to the government, the evidence presented at trial was sufficient to permit a reasonable factfinder to conclude beyond a reasonable doubt that Jackson possessed knowingly the guns found in the duplex.  First, the evidence supported a finding that Jackson knew about the presence of the guns, two of which were found in plain sight, and two of which were concealed underneath Jackson's side of the mattress.  Moreover, that the guns were found in the duplex in which Jackson resided and that three of the guns were located in the master bedroom and on or near Jackson's side of the bed supports the conclusion that Jackson had the requisite "ability and intent to later exercise dominion and control over" the guns.  See Perez, 661 F.3d at 576; United States v. Molina, 443 F.3d 824, 830 (11th Cir. 2006) (a reasonable jury could have found that defendant exerted "ownership, dominion, or control" over a gun -- and, thus, had constructive possession -- based on evidence that the gun was found in defendant's bedroom in a nightstand that also contained defendant's passport).

The district court committed no error in denying the motion for judgment of acquittal.

## II.

Jackson next challenges his sentence. He first contends that the district court violated the Sixth Amendment when it applied a sentencing enhancement based on conduct for which Jackson was acquitted. Although the jury found Jackson not guilty of the charged drug trafficking offenses, the district court found -- by a preponderance of the evidence -- that Jackson had possessed the guns in connection with felony drug possession and distribution. Accordingly, the district court applied a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B).

As an initial matter, Jackson raises his Sixth Amendment argument for the first time on appeal. Although Jackson objected at sentencing to the imposition of a sentencing enhancement based on his acquitted conduct, he argued only that insufficient evidence existed from which the district court could find by a preponderance of the evidence that he possessed a gun in connection with a drug trafficking offense. Because Jackson's objection was based on sufficiency-of-the-evidence grounds -- not on constitutional grounds -- we now review his constitutional argument only for plain error. See United States v. Munoz, 430 F.3d

5

1357, 1374-75 (11th Cir. 2005) (reviewing for plain error defendant's Sixth Amendment argument when defendant's objection at sentencing concerned only the sufficiency of the evidence and not defendant's constitutional rights).

Jackson has demonstrated no error, plain or otherwise. "[R]elevant conduct of which a defendant was acquitted nonetheless may be taken into account in sentencing for the offense of conviction, as long as the government proves the acquitted conduct relied upon by a preponderance of the evidence." United States v. Duncan, 400 F.3d 1297, 1304 (11th Cir. 2005). Consideration of a defendant's acquitted conduct in imposing a sentence constitutes no Sixth Amendment violation "so long as the judge does not impose a sentence that exceeds that which is authorized by the jury verdict." Id. (affirming a defendant's statutory maximum sentence of life imprisonment).

Here, Jackson was sentenced to the statutory maximum sentence of 120 months' imprisonment. Because Jackson's sentence did not "exceed" the statutory maximum for his offense of conviction, the district court committed no error in considering Jackson's acquitted conduct.[1]

---

[1] We reject Jackson's contention -- relying on some language in this Court's opinion in United States v. Maddox, 803 F.3d 1215, 1220 (11th Cir. 2015) -- that the district court may only consider acquitted conduct if the sentence imposed is "below" the statutory maximum. Nothing in Maddox suggests a decision to depart from this Court's existing precedent permitting the consideration of acquitted conduct so long as the sentence imposed does not "exceed" the sentence authorized by the jury verdict. See Maddox, 803 F.3d at 1220 (citing to existing binding precedent and acknowledging that it was "well-settled, that the sentencing court may consider any fact for which a defendant has been acquitted as long as the Government proves, by

III.


Jackson next challenges the procedural and substantive reasonableness of his sentence. We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. See Gall v. United States, 128 S. Ct. 586, 591 (2007). The party challenging the reasonableness of the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the 18 U.S.C. § 3553(a) factors.[2] United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). We will reverse a sentence only when "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).

---

a preponderance of the evidence, the occurrence of that conduct and as long as the enhancement results in a sentence below the maximum statutory penalty authorized by the jury's verdict." (emphasis added)). Moreover, to the extent the "below" language in Maddox conflicts with the "exceeds" language in our earlier cases, we are bound by this Court's prior panel precedent. See United States v. Ohayon, 483 F.3d 1281, 1289 (11th Cir. 2007).

[2] Under section 3553(a), a district court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the Sentencing Commission, provision for the medical and education needs of the defendant, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1)-(7).

7

In reviewing a sentence, we first examine whether the district court committed a significant procedural error, such as calculating improperly the guidelines range, treating the guidelines as mandatory, failing to consider the section 3553(a) sentencing factors, basing the sentence on clearly erroneous facts, or failing to explain adequately the chosen sentence. Gall, 128 S. Ct. at 597. If we determine that a sentence is procedurally sound, we review the sentence's substantive reasonableness under the totality of the circumstances. Id. A sentence substantively is unreasonable if it "fails to achieve the purposes of sentencing as stated in section 3553(a)." Talley, 431 F.3d at 788.

Jackson first contends that his sentence is procedurally unreasonable because the district court treated the guidelines as mandatory and failed to consider the section 3553(a) factors. Jackson's argument is belied by the record. During sentencing, the district court said expressly that the guidelines were advisory and that the court had considered the section 3553(a) factors in imposing an appropriate sentence. We have said that the district court's acknowledgment that it has considered the section 3553(a) factors is sufficient. See United States v. Sarras, 575 F.3d 1191, 1219 (11th Cir. 2009). That the district court determined that the guidelines range (initially calculated as between 135 and 168 months' imprisonment) was capped by the statutory maximum of 120 months is no

8

evidence that the district court treated the statutory maximum sentence as mandatory.

Jackson has also not shown that his sentence is substantively unreasonable. In determining Jackson's sentence, the district court considered the parties' arguments and the section 3553(a) factors.  The district court discussed the nature and circumstances of Jackson's offense, including the number of guns and quantity of ammunition involved and the evidence of drug activity.  The district court also considered Jackson's nature and history -- including both his prior criminal history and mitigating factors, such as Jackson's physical and mental limitations and his strong family support.  In rejecting Jackson's request for a downward variance, the district court explained that the requested 60-month sentence represented close to a 10-level downward variance from the guidelines range and that such a sentence was not appropriate given Jackson's prior criminal history and the need to afford just punishment for his offense.  On this record, Jackson's 120-month sentence was within "the range of reasonable sentences dictated by the facts of the case."  See Pugh, 515 F.3d at 1191.

AFFIRMED.